1  THOMAS P. O'BRIEN
   United States Attorney
2  ROBB C. ADKINS
   Assistant United States Attorney
3  Chief, Santa Ana Branch Office
   MIEKE I. BIESHEUVEL (Cal. State Bar No.: 228828)
4  Assistant United States Attorney
        Ronald Reagan Federal Building and U.S. Courthouse
5       411 West Fourth Street
        Santa Ana, California 92701
6       Telephone: (714) 338-3539
        Facsimile: (714) 338-3708
7       E-mail: mieke.biesheuvel@usdoj.gov]

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

9

10                    UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13  UNITED STATES OF AMERICA,        )  CR No. 08-00087-MMM
                                      )
14                    Plaintiff,      )  PLEA AGREEMENT FOR DEFENDANT
                                      )  JASON STEPHEN BELL
15            v.                      )
                                      )
16  JASON STEPHEN BELL,               )
                                      )
17                    Defendant.      )
                                      )
18  _____ )

19      1.  This constitutes the plea agreement between JASON

20  STEPHEN BELL ("defendant") and the United States Attorney's

21  Office for the Central District of California ("the USAO") in the

22  above-captioned case.  This agreement is limited to the USAO and

23  cannot bind any other federal, state or local prosecuting,

24  administrative or regulatory authorities.

25                              PLEA

26      2.  Defendant agrees to plead guilty to count two of the

27  First Superseding Indictment in United States v. Jason Stephen

28  Bell, CR No. 08-00087-MMM.

## NATURE OF THE OFFENSE

3.   In order for defendant to be guilty of count two in the First Superseding Indictment, which charges a violation of Title 18, United States Code, Section 2252A(a)(2)(A) (receipt of child pornography), the following must be true: (1) defendant knowingly received or distributed a visual depiction; (2) the visual depiction had been transported in interstate or foreign commerce by any means, including by computer; (3) the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; (4) such visual depiction was of a minor engaged in sexually explicit conduct; (5) defendant knew that such visual depiction was of sexually explicit conduct; and (6) defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

## PENALTIES

4.   The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(2)(A), is: 20 years imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5.   The statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2252A(a)(2)(A), is 5 years imprisonment, followed by two years supervised release.

6.   Supervised release is a period of time following imprisonment during which defendant will be subject to various

1 restrictions and requirements.  Defendant understands that if
2 defendant violates one or more of the conditions of any
3 supervised release imposed, defendant may be returned to prison
4 for all or part of the term of supervised release, which could
5 result in defendant serving a total term of imprisonment greater
6 than the statutory maximum stated above.

7     7.  Defendant understands that as a condition of supervised
8 release, under 18 U.S.C. § 3583(d), defendant will be required to
9 register as a sex offender.  Defendant understands that
10 independent of supervised release, he will be subject to federal
11 and state registration requirements, for a possible maximum term
12 of registration up to and including life.  Defendant further
13 understands that, under 18 U.S.C. § 4042(c), notice will be
14 provided to certain law enforcement agencies upon his release
15 from confinement following conviction.

16     8.  Defendant understands and agrees that pursuant to 18
17 U.S.C. § 2259, defendant will be required to make full
18 restitution to the victim(s) of the offenses.  Defendant agrees
19 that, in return for the USAO's compliance with its obligations
20 under this agreement, the amount of restitution is not restricted
21 to the amounts alleged in the count to which defendant is
22 pleading guilty and may include losses arising from charges not
23 prosecuted pursuant to this agreement as well as all relevant
24 conduct in connection with those charges.  Defendant further
25 agrees that defendant will not seek the discharge of any
26 restitution obligation, in whole or in part, in any present or
27 future bankruptcy proceeding.

28     9.  Defendant also understands that, by pleading guilty,

3

1   defendant may be giving up valuable government benefits and

2   valuable civic rights, such as the right to vote, the right to

3   possess a firearm, the right to hold office, and the right to

4   serve on a jury.

5        10.   Defendant further understands that the conviction in

6   this case may subject defendant to various collateral

7   consequences, including but not limited to deportation,

8   revocation of probation, parole, or supervised release in another

9   case, and suspension or revocation of a professional license.

10  Defendant understands that unanticipated collateral consequences

11  will not serve as grounds to withdraw defendant's guilty plea.

12                              FACTUAL BASIS

13       11.   Defendant and the USAO agree and stipulate to the

14  statement of facts provided below.   This statement of facts is

15  sufficient to support a plea of guilty to the charge described in

16  this agreement and to establish the sentencing guideline factors

17  set forth in paragraph 15 below.   It is not meant to be a

18  complete recitation of all facts relevant to the underlying

19  criminal conduct or all facts known to either party that relate

20  to that conduct.

21       Between on or about June 1, 2006 and on or about November

22  30, 2006, in Orange County, within the Central District of

23  California, defendant knowingly received at least approximately

24  400 images and, additionally, approximately 75 videos that he

25  knew contained visual depictions of minors engaged in sexually

26  explicit conduct.   The visual depictions defendant knowingly

27  received include prepubescent minors or minors under twelve years

28  old, and sadistic or masochistic conduct or other depictions of

                                    4

1   violence.  Defendant used a computer to knowingly receive and

2   possess many of the visual depictions.  Defendant knew each

3   visual depiction he received was of a minor engaged in sexually

4   explicit conduct.  Defendant also knew that production of these

5   visual depictions involved use of a minor engaging in sexually

6   explicit conduct.  Defendant knew that the visual depictions had

7   been transported in interstate or foreign commerce.

8       Specifically, between on or about June 1, 2006 and on or

9   about November 30, 2006, defendant knowingly received the visual

10  depiction entitled, "felisha-016.jpg."  Defendant used a computer

11  to knowingly receive this visual depiction and the visual

12  depiction had been transported in interstate or foreign commerce.

13  Production of the visual depiction involved the use of a minor

14  engaging in sexually explicit conduct.  The visual depiction was

15  of a minor engaged in sexually explicit conduct.  Defendant knew

16  the visual depiction was of sexually explicit conduct.  Defendant

17  knew that at least one of the persons engaged in sexually

18  explicit conduct in the visual depiction was a minor.

19                  WAIVER OF CONSTITUTIONAL RIGHTS

20      12.  By pleading guilty, defendant gives up the following

21  rights:

22          a) The right to persist in a plea of not guilty.

23          b) The right to a speedy and public trial by jury.

24          c) The right to the assistance of legal counsel at

25  trial, including the right to have the Court appoint counsel for

26  defendant for the purpose of representation at trial.  (In this

27  regard, defendant understands that, despite his plea of guilty,

28  he retains the right to be represented by counsel -- and, if

                                5

1   necessary, to have the court appoint counsel if defendant cannot

2   afford counsel -- at every other stage of the proceeding.)

3              d) The right to be presumed innocent and to have the

4   burden of proof placed on the government to prove defendant

5   guilty beyond a reasonable doubt.

6              e) The right to confront and cross-examine witnesses

7   against defendant.

8              f) The right, if defendant wished, to testify on

9   defendant's own behalf and present evidence in opposition to the

10  charges, including the right to call witnesses and to subpoena

11  those witnesses to testify.

12             g) The right not to be compelled to testify, and, if

13  defendant chose not to testify or present evidence, to have that

14  choice not be used against defendant.

15         By pleading guilty, defendant also gives up any and all

16  rights to pursue any affirmative defenses, Fourth Amendment or

17  Fifth Amendment claims, and other pretrial motions that have been

18  filed or could be filed.

19                        WAIVER OF DNA TESTING

20      13.  Defendant has been advised that the government has in

21  its possession the following items of physical evidence that

22  could be subjected to DNA testing: (1) black, three-ring binder;

23  (2) pages found inside item number 1; (3) hairs collected from

24  item number 2; (4) Japanese animation style toy; (5) notary exam

25  study guide; (6) rear view mirror with parking permit; (7)

26  printed e-mail correspondence; (8) personal computer (server

27  rack), serial number 10004-76694G; (9) external, 160 gigabyte

28  storage hard drive; (10) loose, 120 gigabyte laptop hard drive;

1   (11) 8 gigabyte thumb drive; (12) external hard drive, serial

2   number 4L55DXEA; (13) external hard drive, serial number

3   WXC707642924, and power cord; (14) compact disks; (15) piece of

4   paper with handwriting; (16) printed sheet of paper titled,

5   "Airborne Settlement;" (17) 8 gigabyte USB removable media; (18)

6   WII game console, serial number LU51817162, with cables and

7   controller; (19) Microsoft Xbox 360, serial number 103972660906,

8   with cables and controllers; (20) black RIM Blackberry cellular

9   telephone, serial number PRD-08416-005; and (21) Nokia cellular

10  telephone, serial number 354812/01/089538/1.

11          Defendant understands that the government has previously

12  submitted item 2 for DNA testing and does not intend to conduct

13  any further DNA testing of those items or any other items.

14  Defendant understands that, before entering a guilty plea

15  pursuant to this agreement, defendant could request DNA testing

16  of evidence in this case.  Defendant further understands that,

17  with respect to the offense to which defendant is pleading guilty

18  pursuant to this agreement, defendant would have the right to

19  request DNA testing of evidence after conviction under the

20  conditions specified in 18 U.S.C. § 3600.  Knowing and

21  understanding defendant's right to request DNA testing, defendant

22  voluntarily gives up that right with respect to both the specific

23  items listed above and any other items of evidence there may be

24  in this case that might be amenable to DNA testing.  Defendant

25  understands and acknowledges that by giving up this right,

26  defendant is giving up any ability to request DNA testing of

27  evidence in this case in the current proceeding, in any

28  proceeding after conviction under 18 U.S.C. § 3600, and in any

1  other proceeding of any type.  Defendant further understands and

2  acknowledges that by giving up this right, defendant will never

3  have another opportunity to have the evidence in this case,

4  whether or not listed above, submitted for DNA testing, or to

5  employ the results of DNA testing to support a claim that

6  defendant is innocent of the offense to which defendant is

7  pleading guilty.

8                          SENTENCING FACTORS

9       14.  Defendant understands that the Court is required to

10 consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),

11 including the kinds of sentence and sentencing range established

12 under the United States Sentencing Guidelines ("U.S.S.G." or

13 "Sentencing Guidelines"), in determining defendant's sentence.

14 Defendant further understands that the Sentencing Guidelines are

15 advisory only, and that after considering the Sentencing

16 Guidelines and the other § 3553(a) factors, the Court may be free

17 to exercise its discretion to impose any reasonable sentence up

18 to the maximum set by statute for the crime of conviction.

19      15.  Defendant and the USAO agree and stipulate to the

20 following applicable Sentencing Guidelines factors:

21      **Base Offense Level** :        22      [U.S.S.G. § 2G2.2(a)(2)]

22      **Specific Offense**
        **Characteristics**:
23
        Prepubescent minor
24      or minor under age 12:       +2      [U.S.S.G. § 2G2.2(b)(2)]

25      Sadistic or masochistic
        conduct or other
26      depictions of violence:      +4      [U.S.S.G. § 2G2.2(b)(4)]

27      Use of computer:             +2      [U.S.S.G. § 2G2.2(b)(6)]

28      600 or more images:          +5      [U.S.S.G. § 2G2.2(b)(7)]

1    Defendant and the USAO reserve the right to argue that additional

2    specific offense characteristics, adjustments, and departures

3    under the Sentencing Guidelines are appropriate, including that

4    defendant may argue that his conduct was limited to receipt

5    pursuant to U.S.S.G. § 2G2.2(b)(1), and the USAO may argue that

6    defendant was engaged in a pattern of activity involving sexual

7    abuse or exploitation of minors pursuant to U.S.S.G. §

8    2G2.2(b)(5).  Defendant also understands that defendant's base

9    offense level could be increased if defendant is a career

10   offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  In the event that

11   defendant's offense level is so altered, the parties are not

12   bound by the base offense level stipulated to above.

13       16.  There is no agreement as to defendant's criminal

14   history or criminal history category.

15       17.  Defendant and the USAO, pursuant to the factors set

16   forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and

17   (a)(7), further reserve the right to argue for a sentence outside

18   the sentencing range established by the Sentencing Guidelines.

19       18.  The stipulations in this agreement do not bind either

20   the United States Probation Office or the Court.  Both defendant

21   and the USAO are free to: (a) supplement the facts by supplying

22   relevant information to the United States Probation Office and

23   the Court, (b) correct any and all factual misstatements relating

24   to the calculation of the sentence, and (c) argue on appeal and

25   collateral review that the Court's Sentencing Guidelines

26   calculations are not error, although each party agrees to

27   maintain its view that the calculations in paragraph 15 are

28   consistent with the facts of this case.

DEFENDANT'S OBLIGATIONS

19.   Defendant agrees that he will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

THE USAO'S OBLIGATIONS

20.   If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level,

10

1   pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary,

2   move for an additional one-level reduction if available under

3   that section.

4           c) Except for criminal tax violations (including

5   conspiracy to commit such violations chargeable under 18 U.S.C. §

6   371), not to further prosecute defendant for violations of Title

7   18, U.S.C. §§ 2251(a), 2252A(a)(2), or 2252A(a)(5)(B) arising out

8   of defendant's conduct described in the stipulated factual basis

9   set forth in paragraph 11 above.  Defendant understands that the

10  USAO is free to prosecute defendant for any other unlawful past

11  conduct or any unlawful conduct that occurs after the date of

12  this agreement.  Defendant agrees that at the time of sentencing

13  the Court may consider the uncharged conduct in determining the

14  applicable Sentencing Guidelines range, where the sentence should

15  fall within that range, the propriety and extent of any departure

16  from that range, and the determination of the sentence to be

17  imposed after consideration of the sentencing guidelines and all

18  other relevant factors.

19                          BREACH OF AGREEMENT

20      21.  If defendant, at any time after the execution of this

21  agreement, knowingly violates or fails to perform any of

22  defendant's agreements or obligations under this agreement ("a

23  breach"), the USAO may declare this agreement breached.  If the

24  USAO declares this agreement breached at any time following its

25  execution, and the Court finds such a breach to have occurred,

26  then: (a) if defendant has previously entered a guilty plea,

27  defendant will not be able to withdraw the guilty plea, and (b)

28  the USAO will be relieved of all of its obligations under this

                                11

1    agreement.

2        22.  Following the Court's finding of a knowing and willful

3    breach of this agreement by defendant, should the USAO elect to

4    pursue any charge that was either dismissed or not filed as a

5    result of this agreement, then:

6            a) Defendant agrees that any applicable statute of

7    limitations is tolled between the date of defendant's signing of

8    this agreement and the commencement of any such prosecution or

9    action.

10           b) Defendant gives up all defenses based on the statute

11   of limitations, any claim of pre-indictment delay, or any speedy

12   trial claim with respect to any such prosecution [or action],

13   except to the extent that such defenses existed as of the date of

14   defendant's signing this agreement.

15           c) Defendant agrees that: (i) any statements made by

16   defendant, under oath, at the guilty plea hearing (if such a

17   hearing occurred prior to the breach); (ii) the stipulated

18   factual basis statement in this agreement; and (iii) any evidence

19   derived from such statements, are admissible against defendant in

20   any such prosecution of defendant, and defendant shall assert no

21   claim under the United States Constitution, any statute, Rule 410

22   of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules

23   of Criminal Procedure, or any other federal rule, that the

24   statements or any evidence derived from any statements should be

25   suppressed or are inadmissible.

26                   LIMITED MUTUAL WAIVER OF APPEAL

27       23.  Defendant gives up the right to appeal any sentence

28   imposed by the Court, and the manner in which the sentence is

1    determined, provided that (a) the sentence is within the

2    statutory maximum specified above and is constitutional, and (b)

3    the Court imposes a sentence within or below the range

4    corresponding to a total offense level of 30, and the applicable

5    criminal history category as determined by the Court.

6    Notwithstanding the foregoing, defendant retains any ability

7    defendant has to appeal the Court's determination of defendant's

8    criminal history category and the conditions of supervised

9    release imposed by the Court, with the exception of the

10   following:

11          a.   conditions set forth in General Orders 318, 01-05,

12   and/or 05-02 of this Court;

13          b.   The defendant shall use only those computers and

14   computer-related devices, screen user names, passwords, email

15   accounts, and internet service providers (ISPs), as approved by

16   the Probation Officer.  Computers and computer-related devices

17   include, but are not limited to, personal computers, personal

18   data assistants (PDAs), internet appliances, electronic games,

19   and cellular telephones, as well as their peripheral equipment,

20   that can access, or can be modified to access, the internet,

21   electronic bulletin boards, and other computers, or similar

22   media;

23          c.   All computers, computer-related devices, and their

24   peripheral equipment, used by the defendant, shall be subject to

25   search and seizure and the installation of search and/or

26   monitoring software and/or hardware, including unannounced

27   seizure for the purpose of search.  The defendant shall not add,

28   remove, upgrade, update, reinstall, repair, or otherwise modify

1   the hardware or software on the computers, computer-related

2   devices, or their peripheral equipment, nor shall he/she hide or

3   encrypt files or data without prior approval of the Probation

4   Officer.   Further, the defendant shall provide all billing

5   records, including telephone, cable, internet, satellite, and the

6   like, as requested by the Probation Officer;

7          d.   The defendant shall register with the state sex

8   offender registration agency in any state where the defendant

9   resides, is employed, carries on a vocation, or is a student, as

10   directed by the Probation Officer.   The defendant shall provide

11   proof of registration to the Probation Officer within 72 hours of

12   release from imprisonment/placement on probation;

13          e.   The defendant shall participate in a psychological

14   counseling and/or psychiatric treatment and/or a sex offender

15   treatment program, which may include inpatient treatment, as

16   approved and directed by the Probation Officer.   The defendant

17   shall abide by all rules, requirements, and conditions of such

18   program, including submission to risk assessment evaluations and

19   physiological testing, such as polygraph and Abel testing. The

20   Probation Officer shall disclose the presentence report and/or

21   any previous mental health evaluations or reports to the

22   treatment provider;

23          f.   As directed by the Probation Officer, the

24   defendant shall pay all or part of the costs of treating the

25   defendant's psychological/psychiatric disorder(s) to the

26   aftercare contractor during the period of community supervision,

27   pursuant to 18 U.S.C. § 3672.   The defendant shall provide

28   payment and proof of payment, as directed by the Probation

1  Officer;

2          g.   The defendant shall not possess any materials,

3  including pictures, photographs, books, writings, drawings,

4  videos, or video games, depicting and/or describing "sexually

5  explicit conduct," as defined at 18 U.S.C. § 2256(2).  The

6  condition prohibiting defendant from possessing materials

7  describing "sexually explicit conduct" does not apply to

8  materials necessary to and used for legal proceedings in this or

9  another criminal prosecution against defendant, including a

10  collateral attack or appeal, or to materials prepared or used for

11  the purposes of defendant's court-mandated sex offender

12  treatment;

13          h.   The defendant shall not possess any materials,

14  including pictures, photographs, books, writings, drawings,

15  videos, or video games, depicting and/or describing child

16  pornography, as defined in 18 U.S.C. § 2256(8).  The condition

17  prohibiting defendant from possessing materials describing child

18  pornography does not apply to materials necessary to and used for

19  legal proceedings in this or another criminal prosecution against

20  defendant, including a collateral attack or appeal, or to

21  materials prepared or used for the purposes of defendant's

22  court-mandated sex offender treatment;

23          I.   The defendant shall not own, use or have access to

24  the services of any commercial mail-receiving agency, nor shall

25  he/she open or maintain a post office box, without the prior

26  approval of the Probation Officer;

27          j.   The defendant shall not frequent, or loiter,

28  within 100 feet of school yards, parks, public swimming pools,

1  playgrounds, youth centers, video arcade facilities, or other

2  places primarily used by persons under the age of 18;

3        k.   The defendant shall not associate or have verbal,

4  written, telephonic, or electronic communication with any person

5  under the age of 18, except: (a)  in the presence of the parent

6  or legal guardian of said minor; and (b) on the condition that

7  the defendant notify said parent or legal guardian of his/her

8  conviction in the instant offense/prior offense.  This provision

9  does not encompass persons under the age of 18, such as waiters,

10  cashiers, ticket vendors, etc., with whom the defendant must deal

11  with in order to obtain ordinary and usual commercial services

12        l.   The defendant shall not affiliate with, own,

13  control, volunteer and/or be employed in any capacity by a

14  business and/or organization that causes him to regularly contact

15  persons under the age of 18;

16        m.   The defendant shall not affiliate with, own,

17  control, and/or be employed in any capacity by a business whose

18  principal product is the production and/or selling of materials

19  depicting and/or describing "sexually explicit conduct," as

20  defined at 18 U.S.C. § 2256(2);

21        n.   The defendant's employment shall be approved by

22  the Probation Officer, and any change in employment must be pre-

23  approved by the Probation Officer.  The defendant shall submit

24  the name and address of the proposed employer to the Probation

25  Officer at least 10 days prior to any scheduled change;

26        o.   The defendant shall not reside within direct view

27  of school yards, parks, public swimming pools, playgrounds, youth

28  centers, video arcade facilities, or other places primarily used

1   by persons under the age of 18.  The defendant's residence shall

2   be approved by the Probation Officer, and any change in residence

3   must be pre-approved by the Probation Officer.  The defendant

4   shall submit the address of the proposed residence to the

5   Probation Officer at least 10 days prior to any scheduled move.

6      24.  The USAO gives up its right to appeal the sentence,

7   provided that (a) the sentence is within the statutory minimum

8   and maximum specified above and is constitutional, and (b) the

9   Court imposes a sentence within or above the range corresponding

10  to a total offense level of 40, and the applicable criminal

11  history category as determined by the Court.

12          <u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

13     25.  Defendant agrees that if any count of conviction is

14  vacated, reversed, or set aside, the USAO may: (a) ask the Court

15  to resentence defendant on any remaining count of conviction,

16  with both the USAO and defendant being released from any

17  stipulations regarding sentencing contained in this agreement,

18  (b) ask the Court to void the entire plea agreement and vacate

19  defendant's guilty plea on any remaining count of conviction,

20  with both the USAO and defendant being released from all of their

21  obligations under this agreement, or (c) leave defendant's

22  remaining conviction, sentence, and plea agreement intact.

23  Defendant agrees that the choice among these three options rests

24  in the exclusive discretion of the USAO.

25                 <u>COURT NOT A PARTY</u>

26     26.  The Court is not a party to this agreement and need not

27  accept any of the USAO's sentencing recommendations or the

28  parties' stipulations.  Even if the Court ignores any sentencing

1  recommendation, finds facts or reaches conclusions different from
2  any stipulation, and/or imposes any sentence up to the maximum
3  established by statute, defendant cannot, for that reason,
4  withdraw defendant's guilty plea, and defendant will remain bound
5  to fulfill all defendant's obligations under this agreement.   No
6  one -- not the prosecutor, defendant's attorney, or the Court --
7  can make a binding prediction or promise regarding the sentence
8  defendant will receive, except that it will be within the
9  statutory maximum.

NO ADDITIONAL AGREEMENTS

11      27.   Except as set forth herein, there are no promises,
12  understandings or agreements between the USAO and defendant or
13  defendant's counsel.   Nor may any additional agreement,
14  understanding or condition be entered into unless in a writing
15  signed by all parties or on the record in court.
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28.   The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney


_____          12 · 15 · 08
MIEKE I. BIESHEUVEL                 Date
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises or inducements have been given to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.


_____          12/12/08
JASON STEPHEN BELL                  Date
Defendant

19

1   I am Jason Stephen Bell's attorney.  I have carefully
2  discussed every part of this agreement with my client.  Further,
3  I have fully advised my client of his rights, of possible
4  defenses, of the sentencing factors set forth in 18 U.S.C. §
5  3553(a), of the relevant Sentencing Guidelines provisions, and of
6  the consequences of entering into this agreement.  To my
7  knowledge, my client's decision to enter into this agreement is
8  an informed and voluntary one.

9

10  _____          _____
   SARA CAPLAN                          12-15-08
11  Counsel for Defendant                Date
   Jason Stephen Bell
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28